# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05cr376

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>ZEYAD DIRI a/k/a "Z" )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court upon the government's Notice of Appeal and Motion for Revocation of the Magistrate's Release Order.[1] (Doc. No. 94).

The defendant was indicted on June 28, 2006, for conspiracy to commit Hobbs Act extortion (Count One); Hobbs Act extortion in December 2002 (Count Two); Hobbs Act extortion in June 2004 (Count Three), and Arson (Count Four). (Doc. No. 1: Indictment). The magistrate judge ordered the defendant's release on conditions after a hearing on July 17, 2006. (Doc. No. 97: Order).

At the hearing, the government presented evidence that the offenses related to a three-year course of conduct where the defendant and others sought to drive a competing convenience store out of business through threats, vandalism, arson, and drive-by shootings. Specifically, the defendant admitted driving by the store shortly before it was burned to the ground in December 2002 and yelling, "You're going down." The defendant threatened to burn the store down again if it were rebuilt. After the store was rebuilt, the defendant and his brother recruited Rico Aery, who

---

[1]Although styled as an Appeal of Magistrate's Detention Order, § 3145(b) provides for review of a detention order by a motion to revoke or amend the order.

had burned the store in December 2002, to burn it down again in June 2004. Aery, who has pleaded guilty in this case, told law enforcement that the defendant offered him $5,000 and a car to commit the arson. After Aery attempted to burn the store on June 29, 2004, he turned himself in on an outstanding warrant in an attempt to create an alibi. In a recorded phone call from jail, the defendant promised to provide money for Aery's bond. The defendant also told his brother that Aery was no snitch. The defendant informed Aery that "the mission was not accomplished." The government informed the court that the defendant's father, who was offered as a third-party custodian, was aware of the conspiracy and was also involved in the defendant's conviction for receiving stolen merchandise at the family's convenience store. The indictment alleges that the defendant provided false information to law enforcement during the investigation of this case.

The defendant presented no evidence, but argued that the defendant had only a minor role in the offenses, that detention would work a hardship on his family who would have difficulty operating their store without him, and that he had not been convicted of any violent crimes. The magistrate judge recognized that the defendant would spend time in prison, but found evidence that he was less involved than others. Thus, the magistrate judge released the defendant to the third-party custody of his mother with home detention, electronic monitoring, and other conditions. (Doc. No. 97: Order).

A district court is required to make an independent, de novo determination when acting on a motion to revoke or amend a magistrate judge's pretrial release order. United States v. Stewart, 19 Fed. Appx. 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992). However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).

The Court has carefully conducted a de novo review of the evidence presented before the magistrate judge and the entire record in this case and finds the magistrate judge's decision to release the defendant was in error. The nature of this offense was extremely violent, involving communicating threats, vandalism by driving a van into the victim's store, arson and attempted arson on different occasions, and drive-by shootings, all to discourage economic competition with the Diri family's convenience store. 18 U.S.C. § 3142(e)(1). The evidence against the defendant is strong, including his confession to law enforcement corroborated by co-conspirators' statements. 18 U.S.C. § 3142(e)(2). Significantly, the defendant was on probation during part of the time of the alleged conspiracy. 18 U.S.C. § 3142(e)(3)(B). Thus, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the defendant were released.

**IT IS, THEREFORE, ORDERED** that the magistrate judge's release order (Doc. No. 97) is **REVOKED** and the defendant is committed to the custody of the Attorney General.

**IT IS FURTHER ORDERED** that, to the extent practicable, the defendant shall be confined in a corrections facility separate from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States marshal for the purpose of an appearance with a court proceeding.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation office.

Signed: July 24, 2006

Robert J. Conrad, Jr.
Chief United States District Judge